# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID SCOTT HAESE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-15-CG ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER

On March 13, 2018, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings. *See* J. (Doc. No. 25); *see also Haese v. Berryhill*, No. CIV-17-15-CG, 2018 WL 1304840 (W.D. Okla. Mar. 13, 2018). Plaintiff David Scott Haese now moves for an award of attorney's fees in the amount of $6587.40 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Pl.'s Mot. Att'y Fees (Doc. No. 26). Defendant has objected to the Motion (Def.'s Obj. (Doc. No. 27)), and Plaintiff has replied (Pl.'s Reply (Doc. No. 28)).

### I. Attorney Fee Awards Under the EAJA

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United States" includes not only the position taken by the government in the present civil action

but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II.     *Whether Plaintiff Is the Prevailing Party*

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

### III. *Whether the Government Has Shown Its Position Was Substantially Justified*

In the administrative proceedings below, the ALJ erred in multiple ways and failed to properly evaluate Plaintiff's subjective complaints as required by the relevant Social Security Rulings and regulations and by Tenth Circuit authority. First, the ALJ's discussion of an alleged lack of objective medical evidence to support Plaintiff's complaints was not "'closely and affirmatively linked to substantial evidence'" in the record. *Haese*, 2018 WL 1304840, at *3 (quoting *Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004)) (citing SSR 96-7p, 1996 WL 374186 (July 2, 1996) at *4); *see also* 20 C.F.R. §§ 404.1529(b)-(c), 416.929(b)-(c). Next, the ALJ's decision cited Plaintiff's criminal history, but the discussion failed to reflect why or how this history was relevant to Plaintiff's credibility or residual functional capacity. *See Haese*, 2018 WL 1304840, at *3. Third, the ALJ's finding regarding Plaintiff's failure to make lifestyle modifications failed to comport with Social Security Ruling 02-1p and thus could not be used to support an adverse credibility determination. *See id.* at *4. Finally, the ALJ discounted Plaintiff's credibility based upon his lack of pursuit of medical treatment but improperly failed to consider whether "Plaintiff's explanations or other record evidence," including evidence of lack of financial resources, provided justification for the treatment Plaintiff sought and received. *See id.* (citing SSR 96-7p, 1996 WL 374186, at *7, *8).

Reversal therefore was required based upon the ALJ's failure to apply the correct legal standards, as well as a lack of substantial evidence to uphold the credibility determination (and thus a lack of substantial evidence to uphold the assessment of residual functional capacity). *See id.* at *5. The Court declined to address other propositions of

3

error raised by Plaintiff. *See id.* (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003)).

Defendant objects to any award of fees, arguing that the government's position was substantially justified with respect to the denial of Plaintiff's applications for benefits. *See* Def.'s Obj. at 4-7; *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."). While thorough, the ALJ's assessment of the evidence reflected legal errors and resulted in an assessment that lacked substantial evidence and did not comport with Tenth Circuit authority in multiple respects. *See Haese*, 2018 WL 1304840, at *2-5. Defendant now primarily repeats the arguments previously made in support of affirmance and does not show "a reasonable basis in law and in fact" for the ALJ's denial of benefits. *Hadden*, 851 F.2d at 1267; *see* Def.'s Obj. at 4-7; *see also Gutierrez*, 953 F.2d at 584-86 (finding that district court abused its discretion in denying fees to plaintiff where the ALJ's findings were unreasonable based on the record before the ALJ). Defendant thus has not shown that the United States' position before the SSA and this Court was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(D).

IV. Whether Plaintiff's Fee Request Is Reasonable

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See id.* § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $6587.40, calculated as follows:

4

- 3.7 attorney hours for work performed in 2016, at a rate of $193.00 per hour; 26.1 attorney hours for work performed in 2017, at a rate of $197.00 per hour; and 2.8 attorney hours for work performed in 2018, at a rate of $197.00 per hour; and

- 1.8 paralegal hours for work performed in 2017, at a rate of 100.00 per hour.

*See* Pl.'s Ex. 1 (Doc. No. 26-1) at 1-3. Plaintiff's attorney has provided a detailed statement of the time expended on this case, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*[1]

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver has agreed as a matter of policy that $193.00 is a reasonable hourly rate for attorney work performed in 2016 and $197.00 is a reasonable hourly rate for work performed in 2017 and 2018 on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Ex. 2 (Doc. No. 26-2), Mem. from Denver OGC Office to Pls.' Att'ys Handling Soc. Sec. Litig. in Okla. & N.M. (Feb. 9, 2018). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided and judicially noticed.

---

[1] The inclusion in the fee award of one hour of time spent seeking this fee award (to which Defendant has offered no objection) is appropriate under *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154 (1990). *See* Pl.'s Ex. 1, at 3; *Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1229-30 (W.D. Okla. 2017); *Hull v. Berryhill*, No. CIV-15-954-R, 2017 WL 2023765, at *2 (W.D. Okla. May 12, 2017).

Plaintiff also may recover "paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Plaintiff requests an hourly rate of $100.00 for paralegal work performed in 2017. *See* Pl.'s Ex. 1, at 3. Defendant does not object to this proposed hourly rate, and the Court finds that it is consistent with or lower than the prevailing market rates in the Western District of Oklahoma for these time periods. *See Vincent*, 247 F. Supp. 3d at 1233.

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 26) and awards attorney's fees under the EAJA in the amount of $6587.40, with said amount to be paid directly to Plaintiff and sent in care of Melissa S. Hedrick, Hedrick Law Firm, 3721 North Classen Boulevard, Oklahoma City, Oklahoma, 73118. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 2nd day of July, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE