# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID SCOTT HAESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-15-G |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff David Scott Haese's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 34), filed through Plaintiff's counsel Melissa S. Hedrick.

On March 13, 2018, the Court entered a Judgment reversing the Commissioner's decision denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 25) at 1. On July 7, 2019, the Social Security Administration issued a favorable decision on Plaintiff's applications and found Plaintiff disabled as of February 13, 2012. *See* Pl.'s Mot. Att'y Fees Ex. 2 (Doc. No. 34-2) at 3-4. The Commissioner has notified Plaintiff that up to $19,021.50 of withheld benefits can be applied toward her attorneys' fees. *See id.* at 5-6; Pl.'s Mot. Att'y Fees at 1-2; *id.* Ex. 1 (Doc. No. 34-1) at 1 (contingent-fee contract between Plaintiff and his counsel prescribing that if Plaintiff is awarded benefits after a remand from federal court, counsel will request the court to approve a fee of "not to exceed

25 percent of the past due benefits"). In addition, the Court has previously awarded $6587.40 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 et seq. *See* Order of July 2, 2018 (Doc. No. 29). Plaintiff's attorney now requests an award of $18,434.10, which is less than the sum of the funds being withheld (less $6000.00 available to pay Plaintiff's administrative-level representative, *see* Pl.'s Mot. Att'y Fees at 2) and the previous EAJA award amount.

Subsection 406(b) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

The Commissioner has responded that he has no objection to Plaintiff's counsel's current request for $18,434.10 in fees. *See* Def.'s Resp. (Doc. No. 35) at 1-2. The Commissioner correctly notes, however, that if fees are now awarded pursuant to § 406(b)

2

Plaintiff's counsel must refund the lesser EAJA award to Plaintiff. *See id.* at 2; Order of July 2, 2018, at 1-2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

Having carefully reviewed the parties' submissions, the Court finds that an award of $18,434.10, which is less than 25% of the past-due benefits awarded, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Ms. Hedrick filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's DIB and SSI claims. *See* Doc. No. 19. The Commissioner filed a brief in opposition, which Ms. Hedrick was required to review. *See* Doc. No. 22; Pl.'s Mot. Att'y Fees Ex. 3 (Doc. No. 34-3) at 2. Ms. Hedrick represents that her firm spent 34.4 hours litigating Plaintiff's disability case in federal court, which would result in an effective hourly rate of $559.95 with respect to the relevant portion of the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees at 12; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour). Plaintiff and Ms. Hedrick agreed that the latter may collect attorney's fees for representation before the Court for an amount greater than the currently pending request. *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1.

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. No. 34) is GRANTED. Plaintiff's attorney Ms. Melissa Hedrick is awarded attorney's fees in the amount of $18,434.10, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Melissa S. Hedrick, 630 NE 63rd Street, Oklahoma City, Oklahoma 73105. Upon payment, Ms. Hedrick shall promptly refund to Plaintiff the $6587.40 previously awarded under 28 U.S.C. § 2412. *See* Order of July 2, 2018, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 19th day of September, 2019.

_____
CHARLES B. GOODWIN
United States District Judge